UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:13-CR-189-SEB-TAB-04 |
| ) | |
| JOSEPH FURANDO, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana; Steven D. DeBrota, Senior Litigation Counsel; Jake Schmidt, Special Assistant United States Attorney; John C. Cruden, Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice; and Thomas T. Ballantine, Assistant Section Chief, Environmental Crimes Section, Environment and Natural Resources Division (the "Government"); and the Defendant, JOSEPH FURANDO, in person and by counsel, James H. Voyles, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

1. **Plea of Guilty:** The Defendant, having been indicted by the grand jury, agrees to plead guilty as charged in the Indictment to the following offenses:

1

    A.    Count 1 (conspiracy),

    B.    Counts 13 through 25 (wire fraud),

    C.    Count 39 (false statements to federal investigators), and

    D.    Counts 54 through 65 (engaging in prohibited financial transactions with criminal proceeds).

2. **Count 1 (conspiracy):** This offense charges that the Defendant conspired with others known and unknown to the United States to:

    A.    transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1343;

    B.    make and present claims upon and against the United States and the Internal Revenue Service ("IRS"), knowing such claims to be false, fictitious, and fraudulent, in violation of 18 U.S.C. § 287;

    C.    knowingly make false material statements, representations, and certifications in, and to knowingly omit material information from, notices, applications, records, reports, plans, and other documents required pursuant to the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(A);

      D.    hamper, hinder, impede, impair, and obstruct by craft, trickery, deceit, and dishonest means, the lawful and legitimate functions of the Environmental Protection Agency ("EPA") in enforcing the Clean Air Act regulations governing renewable fuel mandates; and

      E.    hamper, hinder, impede, impair, and obstruct by craft, trickery, deceit, and dishonest means, the lawful function of the IRS to ascertain, compute, assess, and collect revenue and penalties stemming from the federal fuel excise taxes related to fuel by claiming and knowingly causing the customers of a biofuel manufacturer named e-biofuels LLC to claim blender's tax credits on biodiesel that did not exist and/or was not eligible for those credits.

The Defendant understands that this conduct violated Title 18, United States Code, Section 371.

    3.    **Counts 13 through 25 (wire fraud)**: This offense charges that the Defendant committed wire fraud with his conspirators.

    4.    **Count 39 (false statements to federal investigators)**: This offense charges that the Defendant made false statements and representations to Special Agents of the U.S. EPA and Federal Bureau of Investigations ("FBI").

    5.    **Counts 54 through 65 (engaging in prohibited financial transactions with criminal proceeds)**: These offenses charge that the Defendant laundered criminally derived proceeds of the wire fraud object of the conspiracy set forth in Count 1 by engaging in financial transactions with such

proceeds. The Defendant understands that this conduct violated Title 18, United States Code, Section 1957.

6. **Potential Maximum Penalties:**

   A. **Count 1**: A violation of 18 U.S.C. § 371 is a felony punishable by a term of imprisonment of not more than five years, a fine of not more than $250,000, a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

   B. **Counts 13 through 25**: A violation of 18 U.S.C. § 1343 is a felony punishable by a term of imprisonment of not more than twenty years, a fine of not more than $250,000, a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

   C. **Count 39**: A violation of 18 U.S.C. § 1001 is a felony punishable by a term of imprisonment of not more than five years, a fine of not more than $250,000, a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

   D. **Counts 54 through 65:** A violation of 18 U.S.C. § 1957 is a felony punishable by a term of imprisonment of not more than ten years, a fine of either not more than $250,000 or twice the criminally derived property involved in the transactions (twice $5,471,657.17, which equals

$10,943,314.34), whichever is greater, a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

  E. The Court may order that the Defendant shall serve the above terms of imprisonment consecutively.

  7. **Elements of Count 1 (conspiracy)**: A violation of 18 U.S.C. § 371 requires the United States to prove the following elements beyond a reasonable doubt:

  FIRST: That the conspiracy—the agreement between two or more persons to accomplish an unlawful purpose—charged in Count 1, existed;

  SECOND: That the Defendant knowingly became a member of the conspiracy with an intention to further the conspiracy; and

  THIRD: That an overt act was committed by at least one conspirator in furtherance of the conspiracy.

  8. **Elements of Counts 13 through 25 (wire fraud)**: A violation of 18 U.S.C. § 1343 requires the United States to prove the following elements beyond a reasonable doubt:

  FIRST: That the Defendant knowingly devised and intended to devise a scheme to defraud as described in each Count;

  SECOND: That the defendant did so with the intent to defraud;

  THIRD: That the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

  FOURTH: That for the purpose of carrying out the scheme or attempting to do so, the defendant transmitted or caused to be transmitted by means of wire communication in interstate commerce, writings, signals, or sounds in the manner charged in the particular count.

  9. **Elements of Count 39 (false statements to U.S. EPA and FBI)**: A violation of 18 U.S.C. § 1001 requires the United States to prove the following elements beyond a reasonable doubt:

  FIRST: The defendant made a statement or representation;

  SECOND: The statement or representation was false;

  THIRD: The statement or representation was material;

  FOURTH: The defendant acted knowingly and willfully; and

  FIFTH: The defendant made the statement or representation in a matter within the jurisdiction of the executive branch of the government of the United States, that being: the U.S. EPA and FBI.

  10. **Elements of Counts 54 through 65**: A violation of 18 U.S.C. § 1957 requires the United States to prove the following elements beyond a reasonable doubt:

  FIRST: That the Defendant knowingly engaged in a financial transaction.

SECOND: That the financial transaction involved criminally derived property that is of greater than $10,000 in value and that is derived from specified unlawful activity, including wire fraud.

### General Provisions

11. **Rule 11(c)(1)(B):** The Defendant understands that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the resulting sentence is within the discretion of the Court. If the Court decides to impose a sentence higher or lower than any recommendation of either party, then the Defendant will not be permitted to withdraw the plea of guilty for that reason and will be bound by the plea of guilty.

12. **Court's Discretion:** The Defendant agrees and understands that the Court will use its discretion to fashion a sentence within the statutory ranges set forth above. The Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within these statutory ranges. The Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within these statutory ranges. The Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. The final determination of the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

13. **Presently Known Information:** The Defendant understands that this plea agreement is based upon the information presently known to the Government.

### Specific Provisions

14. **Sentencing Arguments Pursuant to Fed. R. Crim. P. 11(c)(1)(B):** The parties have not agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

15. **Supervised Release:** Each party may present evidence and arguments concerning the length of the period of supervised release to follow the term of imprisonment. The parties understand that this period of supervised release may be ordered for a period of up to three years. Each party may present evidence and arguments for a specific period of supervised release in this range.

16. **Acceptance of Responsibility and Cooperation:** The Government agrees to bring the nature, extent, timing, and truthfulness of the Defendant's acceptance of responsibility and cooperation to the attention of the Court at sentencing.

17. **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

18. **Fine:** The parties reserve the right to present evidence and arguments concerning the amount of any fine. The Defendant understands that the amount and payment terms of any fine will be determined by the Court.

19. **Mandatory Restitution:** The Defendant understands that restitution to the victims of the offense charged in Count 1 is mandatory, pursuant to Title 18, United States Code, Section 3663A(c)(1)(A)(ii) & (c)(2), because crimes against property, particularly wire fraud, gave rise to this Plea Agreement. The Defendant agrees to pay full restitution to the victims of this offense. The parties reserve the right to present evidence and arguments as to the amount of restitution owed. The Defendant understands that the amount and payment terms of any mandatory restitution will be determined by the Court.

20. **Taxes and Penalties:** The Defendant understands that he may owe taxes and penalties to the United States Treasury for the offense charged in Count 1. The amount of any such taxes and penalties will be determined by the IRS at a later time as determined by the provisions of the Internal Revenue Code. The Defendant agrees to cooperate with the IRS in filing all necessary tax forms for the periods related to the offense in the Indictment.

21. **Special Assessment:** The Defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $2700, payable to Clerk, United States District Court,

which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal Defendants pursuant to 18 U.S.C. § 3013.

22. **Forfeiture of Personal Property, Assets, and Vehicles**: The Defendant hereby abandons all right, title, and interest he has in all personal property, vehicles, motorcycles, funds, and other assets seized by any authorities during the searches of his residences and offices in the course of the investigation of this case, so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity. The Defendant also abandons all right, title, and interest he has in all personal property, vehicles, motorcycles, funds, and other assets restrained by the Court at the time the Indictment was unsealed so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity. The above property is listed in the Court's Post Indictment Restraining Order Enjoining Property Subject to Forfeiture (Docket No. 38), filed on September 18, 2013, and is listed in Attachment A of this agreement. Real property is specifically excepted from the terms of this paragraph. The parties understand and agree that the Defendant cannot and does not have the authority to abandon any right, title, or interest in funds that are not his. Specifically, to the extent Green Grease Solutions can show that it realized profits on commodities that were purchased with money that was unrelated to

the Defendant's criminal conduct and the Defendant transferred those funds to accounts that were subsequently frozen, this paragraph does not concern those funds. The parties agree that the disposition of those funds should be made through an ancillary proceeding after the Defendant enters his plea of guilty.

23. **Forfeiture of Real Property**: The Defendant hereby abandons all of his right, title, and interest in the following real property, which is listed in the Indictment: 23 Burning Hollow Road, Saddle River, New Jersey (07458).

24. **Forfeiture of Seized Funds from Sale of Real Property**: The Defendant hereby abandons all of his right, title, and interest in the all of the proceeds from the sale of the commercial real estate located at 37 South Kinderkamack Road, Montvale, New Jersey, 07645, those proceeds having been deposited in the U.S. Marshal's seized assets fund, pursuant to an order of the Court (Docket No. 131), filed on September 16, 2014.

25. **Basis for Forfeiture:** The Defendant acknowledges that all of the property and funds to be forfeited constituted proceeds of the offenses to which he is pleading guilty and was used or intended to be used in the criminal offense.  Therefore, the Defendant agrees that this property and these funds are subject to forfeiture.  He further agrees not to contest any forfeiture action brought against the property or funds to be forfeited in lieu of real property or any of the seized personal property, whether any such forfeiture action is administrative or judicial, civil or criminal, and agrees not to contest any use or

destruction of any of the seized personal property by any federal, state or local law enforcement agency.

26. **Proffer Agreements**: Nothing in this Plea Agreement supersedes or removes any provision or protection contained in the Defendant's Proffer Agreement, including the Government's ability to use the information derived directly or indirectly from the proffer session meeting in the event of a breach or a rejection of the Plea Agreement.

27. **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of his sentence on the date of sentencing, then he agrees that he has a continuing obligation to pay the financial component of his sentence. He further agrees that as of the date of filing this Plea Agreement, he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and/or restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to him for use in the collection of any fines and restitution imposed by the Court.

28. **No Further Charges:** The Government agrees not to bring any further charges against the Defendant for his presently known involvement in the offenses arising from his prior association with e-biofuels LLC, Caravan Trading Company LLC, and/or CIMA Green LLC, <u>provided that</u> the Court accepts this Plea Agreement. This provision does not restrict the right of the

Government to bring any other charges against the Defendant for any undisclosed or unknown criminal offenses or any crime of violence, if the Defendant has committed any such offenses prior to this Plea Agreement or commits such offenses in the future. Finally, if the Court rejects this Plea Agreement, then the Government will not be bound by this Plea Agreement in any way and may seek to bring any additional charges.

### Final Agreement

29.  The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce him to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the Government. It is binding only on the parties to this agreement, supersedes all prior understandings other than those exempted by this Plea Agreement, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

/
/
/
/
/

Respectfully submitted,

_4.13.15_
Date

/s/ Jos H. Vaughn, Jr
JOSH J. MINKLER
UNITED STATES ATTORNEY

_4-13-15_
Date

Steven D. DeBrota
Senior Litigation Counsel

_4-13-15_
Date

Jake Schmidt
Special Assistant U.S. Attorney

JOHN C. CRUDEN
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION
U.S. DEPARTMENT OF JUSTICE

_4-13-15_
Date

Thomas T. Ballantine
Assistant Section Chief
Environmental and Natural
Resources Division
U.S. Department of Justice

_4/11/15_
Date

JOSEPH FURANDO
Defendant

_4/11/15_
Date

James H. Voyles  #631-49
Attorney for Defendant

14

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case and not as the result of force, threats, or promises (other than the promises in this Plea Agreement).

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my pleas.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate, or

probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

Finally, I acknowledge that a guilty plea may have consequences beyond the sentence handed down by the court and that my attorney may not be able to predict all of those consequences. For instance, for all but native citizens of the United States, most felonies have a direct, adverse consequence on a person's immigration status, which usually leads to deportation. I have discussed such issues with my attorney, am satisfied with the advice I have received, and waive any right to appeal or otherwise attack my conviction based on such collateral consequences of the guilty plea.

_4/11/15_
Date

_____
JOSEPH FURANDO
Defendant

16