Case 1:13-cr-00189-SEB-TAB    Document 678    Filed 03/10/26    Page 1 of 4 PageID #: 7923

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

United States of America
v.
JOSEPH FURANDO

Case No: 1:13-cr-00189-SEB-TAB-4
USM No: 65853-050

Date of Original Judgment: 01/21/2016
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 01/21/2016 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 03/10/2026

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:13-cr-00189-SEB-TAB |
| JOSEPH FURANDO, | ) -04 |
| Defendant. | ) |

**ORDER DENYING MOTION TO REDUCE SENTENCE
FILED PURSUANT TO AMENDMENT 821**

Pending before the Court is Petitioner Joseph Furando's Motion to Reduce Sentence filed pursuant to U.S.S.G. Amendment 821 [Dkt. 577]. The Government has responded in opposition to the motion arguing that the relief sought is unavailable to Petitioner under U.S.S.G. § 4C1.1(a)(3) which makes him ineligible for an offense level reduction because the record reflects that he used both violence and credible threats of violence in connection with his offense.

Pursuant to the holding in Dillon v. U.S., 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (i.e., 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4.1(a) and (e)), the changes effectuated by Amendment 821 to the Guidelines do not apply to Petitioner.

Part B of Amendment 821[1] allows for a 2-level reduction for (many) offenders who had zero criminal history points. However, there are several exceptions to eligibility for this

---

[1] Part A of Amendment 821 alters the status points provision regarding the criminal history (USSG § 4A1.1(e)) directing the addition of 1 point (rather than 2 under the original guidelines formulation), if the defendant received 7 criminal history points and committed the office while under criminal justice sentence as specified. A person who had six criminal history points or fewer receives no status points.

reduction. He must meet all of § 4C1.1's criteria for eligibility, one of which requires that he not be found to have used violence or credible threats of violence in connection with the offense. §4C1.1(a)(3).

Being duly advised, the Court hereby **DENIES** the motion to reduce sentence, finding Petitioner ineligible for a reduced sentence for the reason that, having engaged in violence and/or credible threats of violence in the course of his offense, he fails to "meet all of the . . . criteria" for eligibility for relief under this subsection. The record of the sentencing hearing is replete with details regarding the nature and extent of Mr. Furando's use of violence or credible threats of violence towards two witnesses who testified against him. The Government's summary of that evidence in exposing this motion [Dkt. 648] accords with this judge's recollections from the trial/sentencing as well as the official records. These threats occurred "in connection with" the offenses and thus are analogous to relevant conduct under U.S.S.G. § 1B1.3. In Part 4 of Defendant's Statement in Support of Reduction [Dkt. 650, p. 3], he disputes the government's arguments noting that he was neither charged with nor convicted of an offense involving violence and received no sentencing enhancements under the Guidelines for use of violence or threats. However, the detailed accounts of his threats of violence towards two witnesses was proffered as relevant conduct at sentencing. Mr. Furando cannot hope to side-step this evidence by attacking the credibility of the victims of his threats on the grounds that they had a "strong incentive to lie" and that their testimony was never corroborated. During Mr. Furando's sentencing hearing the Court characterized the witnesses' accounts of the threats not only as alarming, but entirely credible. As such, they were relevant and admissible evidence.

As the Court has previously ruled, Mr. Furando also is not deserving of a reduction of his sentence based on the 18 USC § 3553 (a) factors which pertain to the seriousness and scope of harm caused by his underlying criminal conduct. His 240-month period of incarceration was

near the bottom of the applicable sentencing guidelines range and this Court ruled that the sentence was legally reasonable.

Accordingly, Petitioner's Motion for Sentence Reduction under Amendment 821, U.S.S.G. § 4C1.1(a)(3) and 18 USC § 3553 (a) [Dkt. 577] is **DENIED**.

IT IS SO ORDERED.

Date: 3/10/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph Furando
BOP #65853-050
FCP Canaan
P.O. Box 200
Waymart, PA  18472

Counsel of Record via CM/ECF

Electronic Notice to USPO